```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

HERMAN L. SPRINGS,

                Plaintiff,

vs.                                  Case No.  2:07-cv-522-FtM-29DNF

DOMINCK LAGRAVINESE,
                Defendant.
_____

## OPINION AND ORDER

**I.**

This matter comes before the Court upon review of the file. Plaintiff, who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Complaint, Doc. #1) pursuant to 42 U.S.C. § 1983 while detained in the Collier County Jail. Pursuant to the Court's August 24 Order, Plaintiff filed an Amended Complaint (Amended Complaint, Doc. #11). Plaintiff attached two letters, written, respectively, by inmates Simpson (Ltr. Simpson; Doc. #11-2) and Perez (Ltr. Perez; Doc. #11-3) to the Amended Complaint.

The Amended Complaint names Dominck Lagravinese, a deputy at the Collier County Jail, as the Defendant. See Amended Complaint. Plaintiff claims that he was subjected to cruel and unusual punishment. Id. at 8. The only facts Plaintiff alleges are as follows: on March 8, 2007, Deputy Largravinese "grabbed" Plaintiff by the arm, "twisted" his arm, and "pushed [him] toward [his] cell." Id. Inmate Simpson states in his letter that he saw the

Defendant "aggressively grab" Plaintiff's arm.  See Ltr. Simpson. Inmate Perez, also, contends that the Defendant "grabbed" Plaintiff, "aggressively spun him around [,] and shoved him toward his room."  Ltr. Perez.  Plaintiff avers that Defendant Largravinese also stated that Plaintiff "was being written-up for inciting a riot, which is untrue."  The Amended Complaint contains no additional allegations concerning the "write-up."  As a remedy, Plaintiff requests that the Court "reprimand" the Defendant.  Id. at 10.

## II.

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2).  In essence, § 1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  And, the court views all allegations as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. The court recognizes that generally it is preferable to serve a *pro se* complaint before dismissing it as frivolous under § 1915A(b)(1). Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense." Id. (quotations and citations omitted); Nietzke 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 32 (1992); Bilal, 251 F.3d at 1349. The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell

-3-

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

## III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-

692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

To establish an Eighth Amendment[1] claim for excessive use of force, a plaintiff must show: (1) that the force was "sadistically and maliciously applied for the very purpose of causing harm;" and (2) that more than a *de minimus* injury resulted. Hudson v. McMillian, 503 U.S. 1, 7-10 (1992); Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2001). Under the Eighth Amendment, it is the "unnecessary and wanton infliction of pain" caused by force used "maliciously and sadistically" for the very purpose of causing harm that constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 322 (1986). Thus, where an Eighth Amendment claim is based upon allegations of excessive force, the question turns on whether the prison guard's "force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." Bozeman v.

---

[1] It appears that at the time Plaintiff filed his Complaint, he was a pre-trial detainee at the Collier County Jail. Thus, Plaintiff's rights arise from the Fourteenth Amendment, but the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook *ex. rel* Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 1985); See also Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985) (noting that "In regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.").

Orum, 422 F.3d 1265, 1271 (11th Cir. 2005).  To determine whether force was applied "maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted).  Moreover, every "malevolent touch by a prison guard [does not] . . . give rise to a federal cause of action."  Hudson, 503 at 9 (quoting Johnson v. Glick, 481 F.2d, 1028, 1033 (2d Cir. 1973)).  "The Eighth Amendment's prohibition on 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort 'repugnant to conscience of mankind.'"  Hudson, 503 at 9-10 (citing Whitley, 475 U.S. at 327)(other citations omitted).

**IV.**

Here, Plaintiff's action is subject to dismissal under 28 U.S.C. § 1915(A)(b)(1) for failure to state a claim upon which relief may be granted.  The Amended Complaint does not allege that the force used was "sadistically and maliciously applied for the very purpose of causing harm."  The type of force used in this

incident is not of a sort 'repugnant to conscience of mankind.'" Hudson, 503 at 9-10. As noted by the United States Supreme Court, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights". Id. at 9 (quoting Johnson v. Glick, 481 F.2d, 1028, 1033 (2d Cir. 1973)). Nor does the Amended Complaint allege that Plaintiff sustained any harm as a result of the "use of force." See Amended Complaint. Further, any injury resulting from this alleged use of force would be *de minimus*. See Vinyard v. Wilson, 311 F.3d 1340, 1349 n.13 (11th Cir. 2002) (listing decisions in which the Eleventh Circuit found *de minimus* injury); Johnson v. Moody, 206 Fed. Appx. 880, 884 (11th Cir. 2006) (finding injury to inmate's finger when prison guard shut metal food trap door was *de minimis* injury and thus not cognizable under the Eight Amendment).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(A)(b)(1).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   15th   day of May, 2008.

JOHN E. STEELE
United States District Judge

```
SA: alj
Copies: All Parties of Record
```